IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON BEHRENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16-cv-09949 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| BMO HARRIS BANK , N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant BMO Harris Bank, N.A., removed this case from the Circuit Court of Cook County, and plaintiff Byron Behrens has filed a motion to remand, contending that there is no basis for federal jurisdiction. For the following reasons, the Court grants plaintiff's motion.

## BACKGROUND

Plaintiff Byron Behrens worked for BMO Harris Bank, N.A., ("BMO") for more than thirty years, from mid-1969 until mid-2004, when he retired from his position as "vice president of the probate division/estate administration." (Notice of Removal, Ex. 1, Compl. ¶ 26, ECF No. 1-1.) After retiring, plaintiff requested to return to work on a part-time basis, and in July 2004, he signed an independent contractor agreement with BMO. (*See id.* ¶¶ 40-42.) As an independent contractor, he lacked "direct signing authority on behalf of" BMO and "generally did not take new accounts for administration," but he assumed largely the same employment duties he had performed before he retired. (*See id.* ¶¶ 44-48.) Plaintiff remained at BMO as an independent contractor for twelve years under three successive independent contractor agreements. Plaintiff's final employment with BMO ended in February of 2016.

Plaintiff originally filed this case in state court, alleging that during his post-retirement employment with BMO he was mischaracterized as an independent contractor, causing damages in the form of lost compensation and employee benefits. Based on these allegations, plaintiff asserts claims against BMO for violating the Illinois Wage Payment and Collection Act, common-law intentional mischaracterization as an independent contractor, and unjust enrichment. Moreover, plaintiff has brought this action on behalf of a putative class of similarly situated people asserting the same claims. BMO removed the action to this Court, claiming that this Court has federal question jurisdiction because plaintiff seeks damages partially based on amounts BMO should have contributed on his behalf under two retirement benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). BMO argues that the complete preemption power of ERISA engulfs plaintiff's claims, even though plaintiff pleads only state-law claims.

Plaintiff moves to remand, arguing that he is seeking merely "the value of the contributions that [BMO] would have made on [Behrens's] behalf to the plan had he been properly classified, but does not, and could not, bring a claim under ERISA § 502[1] for benefits." (Mot. to Remand at 2, ECF No. 17.)

## DISCUSSION

### I. LEGAL STANDARDS

A state-court defendant may remove a civil action to a federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[1] ERISA § 502 is codified at 29 U.S.C. § 1132(a)(1)(B). In the text of this Memorandum Opinion and Order, the Court will generally follow the common practice of referring to the sections of ERISA as enacted rather than as codified.

2

defendants."). Federal courts have original jurisdiction of an action either based on diversity of citizenship under 28 U.S.C. § 1332, or if the civil action "aris[es] under the . . . laws . . . of the United States" pursuant to 28 U.S.C. § 1331. The removing party bears the burden of proving that federal jurisdiction is proper. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013).

## II. ANALYSIS

BMO argues that this Court has jurisdiction and its removal of this case was proper because (a) ERISA completely preempts plaintiff's claims and (b) plaintiff's state law claims raise a federal question because he seeks FICA contributions under the Internal Revenue Code.

### A. COMPLETE PREEMPTION UNDER ERISA

To determine whether removal is proper based on §1441(a), federal courts generally apply the "well-pleaded complaint" rule, which provides that "a defendant may not [generally] remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 493 U.S. 1, 9-10 (1983). However, "'when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.' ERISA is one of these statutes." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

Under ERISA § 502, an action may be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has articulated a two-pronged test for determining whether ERISA § 502

3

completely preempts a plaintiff's state-law claim: "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210.

### 1. *Davila's* First Prong: Whether Plaintiff Could Have Brought His Claim Under ERISA § 502

The first prong of *Davila* requires the Court to assess whether plaintiff could have brought his claim under ERISA § 502. There are two steps to this inquiry: "First, we consider whether the plaintiff is the *type* of party that can bring a claim pursuant to § 502(a)(1)(B); and second, we consider whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011).[2]

#### a. *Davila's* First Prong: Step One

ERISA § 502(a)(1)(B) permits "a participant or beneficiary" to bring a civil action to recover benefits or enforce his rights under ERISA. ERISA defines a "participant" as "any employee or former employee . . . who is or may become eligible to receive a benefit." 29 U.S.C. § 1002(7). The Supreme Court has interpreted the definition to include "'either employees in, or reasonably expected to be in, currently covered employment, or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits.'" *See Panaras v. Liquid Carbonic Indus. Corp.*, 74

---

[2] Some courts analyze whether the plaintiff is "the type of party that can bring a claim pursuant to § 502(a)(1)(B)" not as part of the *Davila* analysis but as a threshold issue of "standing," but the Seventh Circuit has explained that "[e]xcept in extreme cases . . . , the question whether an ERISA plaintiff is a 'participant' entitled to recover benefits under the Act should be treated as a question of statutory interpretation fundamental to the merits of the suit rather than as a question of the plaintiff's right to bring the suit." *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803-04 (7th Cir. 2007). This Court therefore integrates its analysis of that question into the first prong of the *Davila* analysis, just as the Second Circuit did in *Montefiore*.

4

F.3d 786, 789-90 (7th Cir. 1996) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989)).

To determine if a plaintiff qualifies as an "employee" under ERISA, the Court must analyze whether the plaintiff would have been classified as an employee under the common law, which requires weighing the following factors:

> "the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party."

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992). An employer's classification of a plaintiff as an independent contractor rather than an employee does not, by itself, determine that the plaintiff is not an "employee or former employee" with standing to sue as a "participant" under ERISA § 502. *See Coon-Retelle v. Verizon New Eng. Inc.*, No. 16-11530, 2017 U.S. Dist. LEXIS 35497, at *8 (D. Mass. Mar. 10, 2017).

In this case, plaintiff alleges in his complaint that, even when he was nominally an independent contractor, he worked exclusively for BMO during normal business hours, used a company email address, had security clearance to access the company building, and conducted almost the same work duties as a W-2 employee, among other things. BMO argues that, based on these allegations, plaintiff qualifies as a "former employee" and therefore a "participant," assuming that he has a "colorable claim to vested benefits" under ERISA. *See id.*; *Cox v. Gannett Co., Inc.*, No. 15 CV 2075, 2016 WL 1425525, at *5-6 (S.D. Ind. Apr. 12, 2016).

The Court agrees with BMO that these allegations are sufficient to demonstrate that he is at least arguably a "former employee" and the type of party that can bring a claim pursuant to ERISA § 502(a)(1)(B), at least at this early stage of the case. *See in re Fedex Ground Package*

5

*Sys. Inc., Emp't Practices Litig.*, No. 3:05-MD-527 (MDL-1700), 2007 WL 3027405, at *24-25 (N.D. Ind. Oct. 15, 2007) ("[W]hether the named plaintiffs are employees eligible for benefits under the FedEx plans is a question fundamental to the merits of this lawsuit, which should be addressed at summary judgment rather than as a question of the plaintiff's right to bring the suit.") (citing *Harzewski*, 489 F.3d at 804). The Court proceeds to consider whether plaintiff raises a "colorable claim for vested benefits."

### b. Davila's First Prong: Step Two

The second step of the first prong of the *Davila* test requires the Court to assess whether "the *actual claims* that [plaintiff] asserts can be construed as colorable claims for benefits pursuant to § 502(a)(1)(B)." *Montefiore*, 642 F.3d at 330. The Seventh Circuit has characterized the colorable claim requirement as a "low threshold" to clear. *See Panaras*, 74 F.3d at 790-91 (citing *Andre v. Salem Technical Servs.*, 797 F. Supp. 1416, 1421 (N.D. Ill. 1992)). Plaintiff alleges that his misclassification resulted in a loss of contributions to ERISA-governed retirement plans, as well as non-ERISA damages including lost payments of federal tax contributions, unemployment and workers' compensation insurance premiums, paid time off, and health insurance premiums. Plaintiff seeks to recover the value of these expenditures that BMO allegedly should have made on his behalf.

Plaintiff argues that he is not seeking "benefits" under the plans, but rather damages that are only partially based on the value of ERISA contributions. But whether plaintiff is nominally seeking benefits or damages is not, by itself, critical to determining whether *Davila*'s first prong is met. *See Harzewski*, 489 F.3d at 804-05 (7th Cir. 2007); *see also Evans v. Akers*, 534 F.3d 65, 73 (1st Cir. 2008) ("The appropriate distinction is not between 'benefits' and 'damages,' but rather between relief to which a participant is entitled under ERISA and relief which is not

6

authorized by that Act."). The Seventh Circuit has explained that a suit for the money that would have been in a retirement account established for the plaintiff's benefit under an ERISA-governed plan qualifies as a suit for "benefits" for purposes of ERISA § 502. *See Harzewski*, 489 F.3d at 804-05; *see also Leister v. Dovetail, Inc.*, 546 F.3d 875, 881 (7th Cir. 2008) ("Contributions to a plan and benefits owed by a plan are not necessarily equivalent, and section 1132(a)(1)(B) authorizes suit only for benefits. But the benefits to which Leister was entitled were the assets that would have been in her 401(k) account."). Based on this authority, the Court concludes that the damages plaintiff seeks qualify as "benefits" due under an ERISA-governed plan, so the first prong of the *Davila* test is satisfied.

### c. *Davila's* Second Prong

The second prong of the *Davila* test requires the Court to assess whether there is "no other independent legal duty that is implicated by a defendant's actions . . . ." *Davila*, 542 U.S. at 210. A legal duty is "independent" if "it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" *N.J. Carpenter v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)). Stated differently, "if the state law claim is not 'derived from, or conditioned upon' the terms of an ERISA plan, and '[n]obody needs to interpret the plan to determine whether a duty exists,' then the duty is independent." *N.J. Carpenter*, 760 F.3d at 303 (quoting *Gardner v. Heartland Indus. Partners*, 715 F.3d 609, 614 (6th Cir. 2013)); *see Segerherg v. Pipe Fitters' Welfare Fund, Local 597*, 918 F. Supp. 2d 780, 784 (N.D. Ill 2013) ("Under the second prong . . . a court must determine whether interpretation of the terms of the benefit plan forms an essential part of the plaintiff's state law claim.").

Thus, in *Estate of Minko ex rel. Minko v. Heins*, No. 14-CV-210-WMC, 2015 WL 856635, at *1, 3 (W.D. Wis. Feb. 27, 2015), the plaintiff's claims that the employer violated state-law fiduciary and contract duties by failing to enroll the plaintiff in an ERISA-governed life insurance plan did not satisfy *Davila*'s second prong because they turned not on ERISA or "interpretation of the plan's terms," but on the employer's fiduciary and contract duties as defined by state law. Similarly, in *Stevenson v. Bank of N.Y. Co.*, 609 F.3d 56, 62 (2d Cir. 2010), the plaintiff's state-law contract claims that his employer breached promises to keep plaintiff enrolled in an ERISA-governed retirement plan even after he transferred to a new position were not completely preempted merely because they "make specific reference to and, indeed, are premised on, the existence of a pension plan," considering that plaintiff's claims "[made] reference to ERISA plans solely as a means of describing the consideration underlying an alleged contract [namely, the agreement to keep plaintiff enrolled in the pension plan] that itself is separate from the terms of any plan."

This case is similar to *Minko* and *Stevenson* because plaintiff's claims turn on BMO's obligations as an employer under state law, not on the terms of ERISA or an ERISA-governed plan. The Court will not have to interpret the terms of the plans to resolve plaintiff's claims, nor does any interpretation of the terms of the plans form an essential part of plaintiff's claims. The Court will merely have to determine whether state law required BMO to classify plaintiff as an employee who deserved to receive all the perquisites of employee status.

True, the Court might have to interpret the terms of the plans to calculate some portion of plaintiff's damages, but that is "'beside the point for purposes of *Davila*'s second prong.'" *Coon-Retelle*, 2017 U.S. Dist. LEXIS 35497, at *24 (quoting *Gardner*, 715 F.3d at 615). Under *Davila*'s second prong, the Court's concern is with the source of the legal duty that BMO has

8

allegedly violated; it is only "where no legal duty (state or federal) independent of ERISA or the plan terms is violated" that "the suit falls within the scope of ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210 (internal quotation marks omitted). In this case, plaintiff does not allege that BMO violated ERISA or the terms of an ERISA plan; he alleges that BMO violated state law by mischaracterizing plaintiff as an independent contractor. Regardless of whether BMO sponsored any ERISA-governed plan or whether ERISA existed at all, the duty BMO allegedly violated would be the same; it is only the "extent of [plaintiff's] damages" that might differ, not "the existence of the duty itself." *See Gardner*, 715 F.3d at 614 (citing *Stevenson*, 609 F.3d at 61); *Coon-Retelle*, 2017 U.S. Dist. LEXIS 35497, at *22-23; *see also Stevenson*, 609 F.3d at 61 (reasoning that plaintiff's claim was not completely preempted because "permitting [plaintiff] to pursue his suit in state court under broadly applicable, common law causes of action would not necessitate 'the tailoring of plans and employer conduct to the peculiarities of the law of each [state]'" and "poses no danger of undermining the uniformity of the administration of benefits that is ERISA's key concern.") (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990)). Further, BMO "provide[s] no reason to believe" that the calculation of damages would be anything but "automatic, assuming a court determined that [plaintiff] should have been classified as an employee under [state] law." *See Holloway v. Gilead Sci., Inc.*, No. 16-cv-02320, 2016 WL 3526060 at *1 (N.D. Cal. Jun 23, 2016).

"[E]ven if a court would be required to look to the applicable ERISA plans in more than a mechanical way to determine a portion of [plaintiff's] damages, that would not give rise to complete preemption; it would potentially give rise to conflict preemption" under 29 U.S.C. § 1144(a). *Holloway*, 2016 WL 3526060, at *1. But the defense of conflict preemption may be raised in state court and does not confer federal jurisdiction.

9

The legal duties implicated by plaintiff's state-law claims are independent of ERISA. The second prong of the *Davila* test is not met, and ERISA does not completely preempt plaintiff's state-law claims.

### B. REMOVAL BASED ON CLAIM FOR FICA CONTRIBUTIONS

BMO argues that this Court has federal question jurisdiction over this case because plaintiff seeks damages in the amounts BMO should have paid under the Federal Insurance Contributions Act ("FICA") on plaintiff's behalf. A federal court has jurisdiction over state-law claims under 28 U.S.C. § 1331 if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

> Stated differently, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Where all four of these requirements are met, . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable,* 545 U.S. at 313-14); *see also Grable,* 545 U.S. at 312 ("The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.") (citation omitted).

*Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015) (internal citations altered). According to BMO, plaintiff's claim for damages based on the value of the FICA contributions BMO would have paid on plaintiff's behalf depends on FICA's definition of "employee," and, BMO argues, this issue gives this Court federal question jurisdiction under 28 U.S.C. § 1331 because it requires the Court to interpret a federal statute.

But a state-law claim worthy of federal question jurisdiction must necessarily raise a *substantial* federal issue over which there is an actual dispute, *Grable*, 545 U.S. at 314, and a federal issue is not substantial if it merely requires the routine application of settled federal law to a particular set of facts. In this case, BMO has not established that "the meaning of the relevant federal law is unclear," so there is no reason why the parties must "'resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues'" rather than leave the factual determination of whether plaintiff was an employee to a state court. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1299-1300 (11th Cir. 2008) (quoting *Grable*, 545 U.S. at 312); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) ("We are mindful that state courts are generally presumed competent to interpret and apply federal law."); *Hays v. Cave*, 446 F.3d 712, 714 (7th Cir. 2006) ("[T]here is nothing unusual about a court having to decide issues that arise under the law of other jurisdictions; otherwise there would be no field called 'conflict of laws' and no rule barring removal of a case from state to federal court on the basis of a federal defense."). Because the issue that requires interpretation of federal law in this case is essentially "fact-bound and situation specific," it is not sufficiently substantial to "'open the arising[-]under door'" to federal jurisdiction. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (quoting *Grable*, 545 U.S. at 313) (internal quotation marks omitted); *see also Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007) (finding no federal question because the case required "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law[, so state] issues, such as the amount of damages, may well predominate").

Additionally, determining whether BMO should have made FICA contributions on plaintiff's behalf, and in what amounts, does not upset the balance between federal and state courts approved by Congress. Congress provided no private right of action for enforcing an employer's failure to make FICA contributions, *see McDonald v. S. Farm Bureau Life Ins. Co.* 291 F.3d 718, 725 (11th Cir. 2002); *Olpchenski v. Parfums Givenchy, Inc.*, No. 05 c 6105, 2007 WL 495249, at *3-4 (N.D. Ill. Feb 12, 2007); *Berger v. AXA Network, LLC*, No. 03 c 125, 2003 WL 21530370, at *3-4 (N.D. Ill. July 7, 2003), which "implie[s] that these disputes should be resolved in state court." *See Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014) (citing *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804 (1986)). Moreover, the decision on the federal issue, which concerns only the calculation of a portion of the damages plaintiff claims, is not dispositive of this case by itself and unlikely to control other cases. *See Gunn*, 568 U.S. at 261-63; *Empire*, 547 U.S. at 700 (finding no federal question in part because the federal issue was not "dispositive of the case" and the state court's decision would not be "controlling in numerous other cases"). The FICA issue in this case does not provide this Court with federal question jurisdiction under 28 U.S.C. § 1331 and the relevant case law.

## **CONCLUSION**

For the foregoing reasons, the Court grants plaintiff's motion to remand [17]. This matter is remanded to the Circuit Court of Cook County. Civil case terminated.

**SO ORDERED.**                                              **ENTERED: July 31, 2017**

                                                                                        **HON. JORGE ALONSO**
                                                                                        **United States District Judge**